IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

|  |  |  |
|---|---|---|
| NICOLE ZEVGOLIS, | ) | |
| Plaintiff, | ) | |
| v. | ) | CIVIL NO. 3:10cv625-DWD |
| GREENBERG LAW FIRM, P.C., | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

This matter is before the Court by consent of the parties pursuant to 28 U.S.C. § 636(c)(1) on the Defendant's motion to dismiss the claim stated in paragraph 13(b) of the Complaint (Docket No. 7). For the reasons set forth herein, the Defendant's motion is GRANTED, thereby DISMISSING the claim stated in paragraph 13(b) of the Complaint. Those claims stated in paragraphs 13(a) and 13(c) of the Complaint shall remain.

### I. BACKGROUND

The Court has reviewed the Complaint and all documents attached thereto. Assuming that all well-pleaded allegations therein are true and viewing the facts in the light most favorable to the Plaintiff, see Mylan Labs, Inc. V. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993), the Court concludes that the following narrative represents the facts for purposes of resolving the motion to dismiss.

On March 30, 2009, the Greenberg Law Firm, P.C. ("Greenberg" or "Defendant") initiated a lawsuit in the General District Court of Hopewell, Virginia against Nicole Zevgolis

("Zevgolis" or "Plaintiff") in an effort to collect an unpaid debt allegedly owed to its client. (Compl. ¶¶ 8-9, Ex. B.) The Hopewell Sheriff's Office served Zevgolis with the initial pleading by "posting" it on the door. (Id.) However, Zevgolis never received the pleading because she no longer lived at that address. Thus, she made no appearance to defend the action, and a default judgment was entered against her. (Id. Ex. B.)

Over one year later, in April 2010, Greenberg filed a "Summons to Answer Interrogatories," (the "Summons") a judgment collection procedure commonly known as "debtor's interrogatories," and once again served it on Zevgolis at the former address. (Id. ¶ 10, Ex. C.) The person now living at that address provided it to Zevgolis, giving her notice, for the first time, of the lawsuit and default judgment. (Id.) This prompted Zevgolis to send a letter to Greenberg on May 6, 2010, providing her new address and contesting the debt. (Id. ¶12.) Receiving no response, she appeared for the debtor's interrogatories on June 2, 2010. (Id. ¶¶ 10, 12.)

Zevgolis now brings this action against Greenberg pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* She asserts that Greenberg violated the act by failing to identify the Summons as a communication made in an attempt to collect a debt, failing to provide validation notices within five (5) days of the initial communication (either the Summons or the May 6, 2010 letter), and continuing collection activities after she disputed the debt in writing. (Id. ¶¶ 13(a) - 13(c).) Greenberg moves to dismiss the claim alleged in paragraph 13(b) of the Complaint, arguing that the Summons is exempt from the communication

requirements of the FDCPA as a formal legal pleading.[1]  (Def.'s Br. at 2.)

## II. STANDARD OF REVIEW

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses."  Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992) (citation omitted).  A complaint need not assert "detailed factual allegations," but must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action."  Twombly, 550 U.S. at 555 (citations omitted).  In considering such a motion, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff.  Matkari, 7 F.3d at 1134; see also Martin, 980 F.2d at 952.  However, legal conclusions in the pleading are accorded no such deference.  Ashcroft v. Iqbal, 556 U.S. ___, 129 S. Ct. 1937, 1949 (2009).

## III. DISCUSSION

The motion to dismiss challenges whether a court-issued summons may constitute an "initial written communication" within the meaning of the FDCPA.  The relevant statutory language states:

> The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in

---

[1] Greenberg makes clear that the motion to dismiss addresses only those claims based upon the Summons as a "communication."  (Def.'s Reply Sup. Mot. Dismiss ("Def.'s Reply") at 1.)  To that end, both paragraph 13(a) and paragraph 13(b) of the Complaint are cited as the claim at issue.  (Compare Def.'s Br. Sup. Mot. Dismiss ("Def.'s Br.") at 1 with Def.'s Br. at 2.)  However, based on the context of the argument, the Court understands Defendant's motion to seek dispositive relief only as to the claim in paragraph 13(b).

3

> subsequent communications that the communication is from a debt collector, *except that this paragraph shall not apply to a formal pleading made in connection with a legal action*.

15 U.S.C. § 1692(e)(11) (emphasis added). Thus, the essential issue presented to the Court is whether the summons issued by the state court constitutes a "formal pleading" as that term is used in the FDCPA.[2]

The Fourth Circuit has expressly declined to address the issue in a case where defendant debt collectors argued that discovery interrogatories were "formal pleadings" for purposes of § 1692e(11). Sayyed v. Wolpoff & Abramson, 485 F.3d 226, 235 n.2 (4th Cir. 2007). In Sayyed, however, the Court explained that such an exception is narrow in scope, such that "litigation activity is subject to the FDCPA, except to the limited extent that Congress exempted formal pleadings from the requirements of that particular subsection." Id. at 231. With that sole exception, "*all* litigation activities, *including* formal pleadings, are subject to the FDCPA." Id. (emphasis added). District courts have provided little additional guidance. See Sayyed v. Wolpoff & Abramson ("Sayyed II"), Case No. PJM 05-1104, 2010 U.S. Dist. LEXIS 86546 at *12-*13 n.4 (D. Md. August 20, 2010) (concluding that the "formal pleading" argument was secondary to its holding, therefore declining to address the issue on remand); Hauk v. LVNV Funding, LLC, Case No. CCB-09-3238, 2010 U.S. Dist. LEXIS 117834 at *20-*21 (D. Md. November 5, 2010) (relying on Fed. R. Civ. P. 7(a) as persuasive authority of what constitutes a state court "pleading").

---

[2]Alternatively, Plaintiff argues that her claim "survives" the motion to dismiss because her May 6, 2010 letter to Greenberg would nevertheless trigger Greenberg's duty to provide validation notices and to cease collection efforts pending verification of the debt. However, Greenberg has not moved to dismiss those claims based on such a theory, and the Court does not address the argument accordingly.

4

The plain meaning of the term "pleading" strongly suggests that a debtor's interrogatory does not fall within the scope of a "formal pleading." According to Black's Law Dictionary, a "pleading" is "[a] formal document in which a party to a legal proceeding (esp. a civil lawsuit) sets forth or responds to allegations, claims, denials, or defenses." Black's Law Dictionary 1270 (9th ed. 2009). When presented with the issue, Virginia courts have generally relied on such dictionary definitions to distinguish between pleadings and other court documents. See, e.g., Deline v. Baker, Case No. 2801-09-1, 2010 Va. App. LEXIS 353 at *12 (Va. App. August 31, 2010) (citing Baylor v. Commonwealth, 56 S.E.2d 77, 79 (1949) ("Webster's New International Dictionary, 2d Ed., defines 'pleadings' as, '[t]he successive statements, now usually written, by which the plaintiff sets forth his cause and claim, and the defendant his defenses.'")). In contrast, interrogatories are a discovery device, separate and apart from a litigant's formal allegations, claims, denials, or defenses. Thus, they are not encompassed within the plain meaning of the term "pleading."

In Hauk, a district court recited the list of court documents that constitute "pleadings" pursuant to Fed. R. Civ. P. 7(a). 2010 U.S. Dist. LEXIS 117834 at *20-*21. Noting that interrogatories were not among those documents specifically listed in Rule 7(a), the court was persuaded that certain interrogatories forwarded to the plaintiff in a state court action did not constitute "formal pleadings" for FDCPA purposes. Id.; but see Albanese v. Portnoff Law Assocs., 301 F. Supp. 2d 389, 402 (E.D. Pa. 2004) (concluding, without explanation or citation to authority, that a Praecipe for Writ of Execution is a formal pleading for FDCPA purposes). Virginia's courts have similarly limited the scope of documents constituting pleadings to those including "the allegations made for the purpose of definitely presenting the issue or issues to be

5

tried and determined." Burch v. Grace St. Bldg. Corp., 191 S.E. 672, 677 (Va. 1937). Discovery devices such as interrogatories, used to obtain information, serve a distinctly different purpose.

Here, however, Greenberg did not simply serve written discovery interrogatories on Zevgolis; rather, the Defendant sought to engage in the process of "debtor's interrogatories," as they are commonly called in Virginia practice. See, e.g., Ainslie v. Inman, 577 S.E.2d 246, 248 (Va. 2003). The activity is a distinct statutory procedure authorized by Va. Code § 8.01-506, whereby a judgment creditor, having already prevailed in litigation, may seek to compel the judgment debtor to appear to orally answer questions about their assets. Unlike discovery interrogatories, the party employing the procedure may not craft written interrogatories and serve them directly on the judgment debtor. Rather, the judgment creditor *requests* the procedure from the clerk of the court who, in turn, issues a summons requiring the appearance of the judgment debtor. Va. Code § 8.01-506(B); see also W. Hamilton Bryson, Bryson on Virginia Civil Procedure §9.06[1][d] (4th ed. 2005). Thus, the communication is issued in the form of a summons from the clerk of the court, not from the creditor itself. Indeed, the creditor has no control over the form or contents of the summons, except for the logistical information provided to the clerk (i.e. names, addresses, dates, times, amount of judgment, etc.).

Such is exactly the case here. Greenberg completed the form provided by the Hopewell, Virginia General District Court, and submitted it to the Clerk of the Court. (Compl. Ex. C.) The Clerk thereupon issued the summons to the Hopewell Sheriff's Office, which served it on Zevgolis at her former address by "posting" on the door of the residence. (Id. ¶ 10, Ex. C.) The summons was not a communication from Greenberg, but rather a summons issued by an authorized clerk of court performing official duties. As such, the clerk's communication is not

the "initial written communication" between creditor and debtor because the clerk is not a "debt collector" as defined by the FDCPA. 15 U.S.C. § 1692a(6)(c). It is axiomatic that where the debt collector is not the one conveying the message, and has no control over the form of the message, such communication cannot constitute an "initial written communication" for FDCPA purposes.[3]

Although the Court concludes that interrogatories themselves are not "formal pleadings" exempted from the FDCPA's "initial written communication" requirements, the Court finds that the Summons at issue did not constitute a communication by a creditor subject to the strictures of the FDCPA. Accordingly, Zevgolis has not stated a sufficient claim that Greenberg violated such requirements by virtue of her receipt of the court-issued Summons.

## IV. CONCLUSION

For the reasons discussed herein, Defendant's motion to dismiss is GRANTED. The claim in paragraph 13(b) of Plaintiff's Complaint is therefore dismissed. Those claims stated in paragraphs 13(a) and 13(c) shall remain.

An appropriate Order shall issue.

/s/
Dennis W. Dohnal
United States Magistrate Judge

Richmond, Virginia
Dated: January 25, 2011

---

[3] Although the issue was not raised, the Court considers whether the summons might be an "indirect" communication. See 15 U.S.C. § 1692a(2). However, it is not the case that Greenberg conveyed the information in the Summons, indirectly through the Clerk of the Court. Rather, the Clerk of the Court directly conveyed that information which is required by the summons form.