UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| NICOLE ZEVGOLIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 3:10-cv-00625-HEH-DWD |
| | ) |
| GREENBERG LAW FIRM, PC | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM IN SUPPORT OF DEFENDANT'S
OBJECTION TO ENTRY OF JUDGMENT
AND MOTION TO DISMISS**

**INTRODUCTION**

Defendant Greenberg Law Firm, PC, through its undersigned attorney, objects to the entry of judgment and moves the court to dismiss this case as the accepted settlement eliminates any remaining case or controversy to present to the court.

**FACTS**

Plaintiff brought suit alleging Defendant violated the Fair Debt Collection Practices Act (FDCPA) found at 15 USC 1601 et seq. (Dkt 1). Defendant presented a settlement offer as an Offer of Judgment offering $1,500 and waiver of any debts Defendant alleges Plaintiff owes. (Def Ex A). The settlement offer provides Plaintiff five hundred dollars more than the one thousand dollar maximum authorized by the FDCPA per 15 USC 1692k(2)(A). The terms of the settlement also addressed any and all claims that could arise from this controversy to include attorneys fees. (Def Ex A). Plaintiff accepted the settlement. (Def Ex B). Defendant emailed a release to Plaintiff's counsel and requested Plaintiff sign so that Defendant could deliver the $1500. (Def Ex C). Plaintiff's counsel stated he intended to ask for judgment unless Defendant provided additional

settlement money. (Def Ex C, top of p1, bottom p3,4). Defendant proffered an objection to Plaintiff's counsel, after which Plaintiff filed the Offer of Judgment. (Def Ex C, middle p2; Dkt 24).

## STANDARD FOR A MOTION TO DISMISS

"If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3); *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006); *United States ex rel. Vuyyuru v. Jadhav*, 555 F.3d 337, 347 (4th Cir. 2009). "The inability of the federal judiciary to review moot cases derives from the requirement of Art. III of the Constitution under which the exercise of judicial power depends upon the existence of a case or controversy." *DeFunis v. Odegaard*, 416 U.S. 312, 316 (1974).

## ARGUMENT

**a. The accepted offer in the instant case exceeds the maximum Plaintiff could have obtained at trial and thus eliminated the case or controversy**

Where an accepted Rule 68 Offer of Judgment settlement provides the maximum that could have been recovered at trial, there is "no longer any case or controversy" and dismissal is appropriate, not entry of judgment. *Zimmerman v. Bell*, 800 F.2d 386, 390 (4th Cir.1986); *Rand v. Monsanto*, 926 F.2d 596, 598 (7th Cir.1991)( affirming dismissal of underlying claim for lack of jurisdiction where defendant offered full amount Plaintiff could recover); *Abrams v. Interco, Inc.*, 719 F.2d 23, 32-33 (2nd Cir.1983)(The court dismissed the plaintiff's antitrust action as moot where the defendant made a Rule 68 offer for full damages, costs, and attorney's fees.)

Judge Payne of this district stated "having been offered the maximum amount of damages which she was entitled to recover under the FDCPA, plus reasonable attorney's fees and costs, plaintiff no longer had a personal stake in the outcome of the litigation for purposes of meeting the case-or-controversy requirement of Article III, and her complaint against defendant should be

dismissed." *Samsung v. Rambus*, 398 F.Supp.2d. 470 (E.D.VA 2005)(quoting on *Murphy v. Equifax Check Services*, 35 F.Supp.2d 200, 203 (D.Conn.1999).

The Fourth Circuit made a very express statement regarding a Plaintiff's desire to see judgment entered, "when defendant's personal stake in the outcome had disappeared, and federal courts do not sit simply to bestow vindication in a vacuum." *Zimmerman* at 390. The Seventh Circuit also addressed this stating "once the defendant offers to satisfy the plaintiff's entire demand, there is no dispute over which to litigate, and a plaintiff who refuses to acknowledge this loses outright, under Fed.R.Civ.P. 12(b)(1), because he has no remaining stake." *Rand* at 598.

The decisions of this district, circuit and other circuits are based upon a lack of any remaining controversy. In the instant case, the Offer of Judgment addressed any and all claims, to include attorneys fees, that could be addressed by the FDCPA. The monetary offer exceeded the $1,000 statutory maximum. And even though the FDCPA provides for no injunctive relief, the Offer agreed to waive any underlying debt alleged to be owed by Plaintiff. Put succinctly, a case becomes moot when there are no longer adverse parties with sufficient legal interests to maintain the litigation or when the parties lack a legally cognizable interest in the outcome of the litigation. *Environmental Conservation Org. v. City of Dallas*, 529 F.3d 519, 527 (5th Cir. 2008). Or as the court stated in *Greisz v. Household Bank* (Illinois), N.A., 176 F.3d 1012, 1015 (7th Cir. 1999), "You cannot persist in suing after you've won."

b. **Defendant proffered an objection to Plaintiff in effort to spare both sides litigation**

In the parties' attempt to meet and confer, Defendant provided Plaintiff a preview of the substance of this objection and motion:

> First, no actual damages were claimed, nor was such evidence of actual damages alleged. So, our $1500 more than satisfies the statutory maximum. If she has maxed her recovery, there is no controversy left. Even separate from the OOJ element, a case becomes moot when there are no longer adverse interests sufficient to maintain the litigation. Further, the consideration was $1500 and waiver of debt. The FDCPA offers no injunctive relief even if there was no waiver. So, the judgment provides no meaning or value to Ms. Zevgolis.
> Def Ex C, middle p2.

Defendant asks the court's indulgence and asks the court to read the short email thread (Def Ex C) in which Defendant attempted in good faith to narrow any area of disagreement, spare both sides litigation, and insist to Plaintiff that the matter was concluded.

WHEREFORE, Defendant requests that the Court sustain Defendant's objection and to dismiss this case as concluded and award Defendant any other relief the court deems appropriate.

Dated: March 28, 2011                    Respectfully submitted,

/s/ David B. Ashe
David B. Ashe (Va. Bar No. 41259)
100 Constitution Drive, Suite 124
Virginia Beach, VA 23462
Telephone:    757-962 9603
Facsimile:     757-962 9604
Email: david.ashe@providencedane.com
Attorney for Defendant Greenberg Law Firm, PC

**CERTIFICATE OF SERVICE**

Undersigned counsel certifies that on March 28, 2011, Defendant Greenberg Law Firm, PC, counsel's Memorandum was electronically filed with the Clerk of Court using the CM/ECF system, which will automatically send email notification of such filing to the following attorneys of record:    John C. Gayle, Jr.,  David B. Ashe

/s/ David B. Ashe
David B. Ashe
Attorney for Defendant Greenberg Law Firm, PC