IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

|                              |   |                            |
|------------------------------|---|----------------------------|
| NICOLE ZEVGOLIS              | ) |                            |
| Plaintiff,                   | ) |                            |
| v.                           | ) | CIVIL NO. 3:10cv625-DWD    |
| GREENBERG LAW FIRM, P.C.,    | ) |                            |
| Defendant.                   | ) |                            |

## MEMORANDUM OPINION

This matter is before the Court by consent of the parties pursuant to 28 U.S.C. § 636(c)(1) on Defendant's Objection to the Entry of Judgment Pursuant to a Rule 68 Offer of Judgment and Motion to Dismiss for Lack of Subject Matter Jurisdiction (Docket No. 25). The matter has been fully briefed by both parties and the Court has entertained oral argument. For the reasons set forth herein, the Court has previously entered an Order dated May 2, 2011 (Docket No. 30), OVERRULING the Defendant's Objection, DENYING the Motion to Dismiss as moot, GRANTING Plaintiff's request for attorney's fees subject to this Court's review for reasonableness, and directing the Clerk to enter JUDGMENT in favor of Plaintiff pursuant to the terms set forth in the Offer of Judgment and the Court's award of attorney's fees.

### I. BACKGROUND

The factual allegations raised in this case are no longer relevant to the resolution of the pending objection and motion.[1] Suffice it to say that the Plaintiff, Nicole Zevgolis ("Zevgolis"

---

[1] Those allegations are set forth in the Court's previous Memorandum Opinion resolving

or "Plaintiff") initiated this action asserting that the Defendant, Greenberg Law Firm, P.C. ("Greenberg" or "Defendant") violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692-1692p, while it was in the process of enforcing a judgment against her. (Compl. ¶¶ 6-13.) As relief, her Complaint requests statutory damages and attorney's fees pursuant to 15 U.S.C. § 1692k.

On March 2, 2011, Greenberg served Zevgolis with an Offer of Judgment pursuant to Fed. R. Civ. P. 68. (Def.'s Br. Sup. Obj. and Mot. Dismiss ("Def.'s Br.") at Ex. A; Pl.'s Br. Opp'n Obj. and Mot. Dismiss ("Pl.'s Opp'n") at Ex. 1.) Zevgolis accepted that offer on March 8, 2011, the acceptance of which was acknowledged by Greenberg. (Def.'s Br. at Ex. B; Pl.'s Opp'n at Ex. 2.) Thus, as of March 8, the Offer of Judgment had been accepted, but not yet filed with this Court. Nevertheless, Greenberg agrees that the accepted Offer of Judgment was binding on the parties as of that time. (Def.'s Br. at Ex. 3.)

The parties then engaged in negotiations in an effort to reach an alternative arrangement in lieu of filing the Offer of Judgment. Those discussions were initiated by Zevgolis on March 17, 2011, by an email from her requesting "something to verify the debt will not be pursued . . . I would prefer an agreement not to pursue to [sic] debt or sell it, rather than a waiver, as the latter has potential tax implications." (Pl.'s Opp'n at Ex. 3.) That first communication did not specifically offer any resolution, but by asking for an explicit agreement, Zevgolis invited such discussion to follow.

After indicating that it would be amenable to such an arrangement, Greenberg forwarded a proposed settlement agreement and release to Zevgolis on March 21, 2011. (Id.) Rejecting the proposal, Zevgolis responded that no release was necessary because she had already accepted the

---

Defendant's motion to dismiss (Docket No. 21).

2

Offer of Judgment. (Id.) Nevertheless, Zevgolis persisted in her request for an "agreement that [Greenberg] will not pursue the debt or assign it." (Id.) The negotiations proceeded until Zevgolis stated her intention to simply file the Offer of Judgment and acceptance thereof with the Court. (Id.) In response, Greenberg indicated that it would object to the Offer of Judgment being filed with the Court. (Id.)

On March 25, 2011, Zevgolis filed in this Court a "Notice of Acceptance of Rule 68 Offer of Judgment" (Docket No. 24), including with it a copy of the Offer of Judgment (Docket No. 24-1) and the email correspondence accepting it (Docket No. 24-2). Greenberg's objection to the Rule 68 procedure and its motion to dismiss for lack of subject matter jurisdiction followed on March 28, 2011 (Docket No. 25), arguing that the case was rendered moot because Zevgolis had accepted its Offer of Judgment and, therefore, this Court no longer possesses subject matter jurisdiction to enter judgment.

## II. STANDARD OF REVIEW

"The objection that a federal court lacks subject-matter jurisdiction may be raised by a party, or by a court on its own initiative, at any stage in the litigation, even after trial and the entry of judgment." Arbaugh v. Y & H Corp., 546 U.S. 500, 506 (2006) (internal citation omitted). If a party's claims are rendered moot, "such that a live case or controversy no longer exist[s] with respect to such claims," the claims must be dismissed for lack of subject-matter jurisdiction. Simmons v. United Mortg. & Loan Inv., LLC, 634 F.3d 754, 762 (4th Cir. 2011). A case becomes moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." Id. at 763 (citations omitted). "Mootness has been described as 'the doctrine of standing set in a *time frame*: The requisite personal interest that must exist at the commencement of the litigation (standing) must continue throughout its

existence.'" Arizonans for Official English v. Arizona, 520 U.S. 43, 68 n.22 (1997) (emphasis added) (quoting U.S. Parole Comm'n v. Geraghty, 445 U.S. 388, 397 (1980)). One manner in which a case becomes moot "arises when the claimant receives the relief he or she sought to obtain through the claim." Friedman's Inc. v. Dunlap, 290 F.3d 191, 197 (4th Cir. 2002). *Rejection* of an unconditional offer of judgment made pursuant to Rule 68, offering full relief potentially available to the plaintiff, is but one manner in which a case may be rendered moot. See Simmons, 634 F.3d at 764-65 (emphasis added).

### III. DISCUSSION

In essence, Greenberg asks this Court to instruct the Clerk not to follow the mandate of Rule 68 because the accepted Offer of Judgment rendered the case moot. Such an argument is fatally flawed. First, the Offer of Judgment did not offer "full relief" because it did not grant all "reasonable" attorney's fees to Zevgolis. Accordingly, the matter would not have been rendered moot even if Zevgolis had rejected it. More significant, however, is the fact that Zevgolis did not reject the Offer of Judgment -- she accepted it. Her acceptance set in motion a mandatory, automatic procedure which Greenberg now seeks to stop, even after it agreed to the procedure. Moreover, the logic of Greenberg's position would effectively foreclose entry of judgment based upon an offer of judgment in all cases -- a bold, unsupportable result which this Court cannot adopt.

**A.      Mootness**

Greenberg proposes that this case became moot as soon as the Offer of Judgment was accepted, so as to foreclose this Court's authority to enter that very judgment.[2] This argument

---

[2] Throughout its briefs, Defendant frequently and incorrectly refers to the offer of judgment as a "settlement offer." (See, e.g., Def.'s Br. at 1; Def.'s Reply Sup. Obj. and Mot. to

4

fails for a myriad of reasons. In the first instance, Greenberg is incorrect that his Offer of Judgment offered "full relief" to Zevgolis, such that it would have rendered the case moot had she rejected the offer. But she did not *reject* the offer, she *accepted* it. The mootness theory on which Greenberg relies specifically deals with situations in which a plaintiff *rejects* an offer of judgment that would provide "full relief," but is silent as to whether such a result might occur when a plaintiff *accepts* an offer of judgment. (See Def.'s Br. at 2 (citing Zimmerman v. Bell, 800 F.2d 386, 390 (4th Cir. 1986).) [3]

For an offer of judgment to eliminate a case in controversy between litigants, it must offer "full relief" that the plaintiff could have obtained at trial. Simmons, 634 F.3d at 765; see also Samsung Elec. Co., Ltd. v. Rambus, Inc., 398 F. Supp. 2d 470, 484-85 (E.D. Va. 2005) (quoting Abrams v. Interco, Inc., 719 F.2d 23, 32-33 (2nd Cir. 1983), for the proposition that a Rule 68 offer of judgment moots a case where it has "offered to pay full damages, costs, and attorney's fees"). The logic behind such a rule is that no "live" case in controversy exists if the defendant is willing to concede the plaintiff's entire claim. At issue here, the parties dispute whether Greenberg's failure to offer "reasonable" attorney's fees prevented the Offer of

---

Dismiss ("Def.'s Reply") at 1.) The Court notes that the distinctions between "offers of judgment" made pursuant to Fed. R. Civ. P. 68 and "settlement offers" are well-recognized in this Circuit. Simmons, 634 F.3d at 765. Such distinctions are not merely semantic, but impact whether the offer amounts to "full relief" for purposes of eliminating the "case in controversy" between the parties. See id. ("[A] judgment entered by a court in [a plaintiff's] favor carries a substantial advantage over the same amount of recovery via a defendant's contractual promise to pay the same amount embodied in a settlement agreement"). On the face of the offer at issue here, it is clear that it was served on the Plaintiff in the nature of an "offer of judgment" made pursuant to Rule 68, not a mere "settlement offer," and the Court construes it as such despite the Defendant's several references to the contrary.

[3] At oral argument, the Court asked Greenberg if it was aware of any case in which an accepted offer of judgment was held to render a case moot, so as to preclude entry of judgment. No such case could be identified, and it was agreed that all cases addressing this issue involved *rejected* offers of judgment.

Judgment from providing the full relief available to Zevgolis pursuant to the FDCPA. (Compare Pl.'s Opp'n at 6 with Def.'s Reply at 2.)

Greenberg's position fails to grasp the relevance of attorney's fees to the mootness question. According to Greenberg's logic, an offer which includes attorney's fees as part of the total sum eliminates any dispute over the value of the attorney's fees to which a prevailing FDCPA plaintiff might be entitled. Such a construction ignores the fact that the FDCPA is a fee-shifting statute and, had Zevgolis prevailed at a trial on the merits, her recovery would have included all *reasonable* attorney's fees incurred. 15 U.S.C. § 1692k(a)(3) (emphasis added).

Greenberg makes a blanket, unsupported argument to the contrary, stating that "in the countless cases where attorney [*sic*] fees are litigated, there are detailed discussions and numerous references to attorney's fees with not [*sic*] attention or reference to the word 'reasonable.'" (Def.'s Reply at 2-3.) Regardless of the fact that Greenberg has failed to cite any one of these "countless cases," his argument would nevertheless fail. The disputed issue is not whether the fees are, or are not, "reasonable"; rather, the disputed issue is whether the Offer of Judgment effectively limited the availability of attorney's fees beyond the strictures of the FDCPA. In fact, the FDCPA does not limit those fees, except to the extent that they must be "reasonable." 15 U.S.C. § 1692k(a)(3). In stark contrast, the Offer of Judgment here effectively "caps" the attorney's fees at a set amount.

According to the cases that this Court has reviewed, an offer of judgment that "caps" the amount of recoverable attorney's fees fails to provide "full relief." Simmons, 634 F.3d at 767 n.8 ("[W]hen as here, the defendants have offered to pay the plaintiffs their reasonable attorney's fees as determined by the district court, the plaintiffs have been offered full relief"); see Edge v. C. Tech Collections, Inc., 203 F.R.D. 85, 88 (E.D.N.Y. 2001) ("Because [the] offer of judgment

caps the costs and attorney's fees, it is not offering the maximum amount [the plaintiff] could recover under the statute. Accordingly, [the plaintiff] still has a personal stake in the litigation, which therefore is not moot") (citations omitted); cf. Carroll v. Wolpoff & Abramson, 53 F.3d 626, 630-31 (4th Cir. 1995) (construing FDCPA to mandate reasonable fee for prevailing plaintiff even where damages obtained were nominal).

Here, Greenberg offered one-thousand five-hundred dollars ($1,500) "including without limitation any and all claims for . . . attorney's fees, litigation expenses and costs of suit."[4] This amount was calculated to include five-hundred dollars ($500) more than the maximum statutory damages allowed pursuant to 15 U.S.C. § 1692k(a)(2)(A). (Def.'s Br. at 1.) Therefore, Greenberg's offer effectively "capped" the attorney's fees that Zevgolis could recover at five-hundred dollars ($500). And because the statute limits her attorney's fees only to the extent that they be "reasonable," the Offer of Judgment did not offer Zevgolis the "full relief" that she could have obtained had she prevailed at trial. Simmons, 634 F.3d at 767.

Had Zevgolis *rejected* the offer of judgment, a case in controversy would nonetheless persist due to Greenberg's failure to offer "full relief" vis-à-vis the cap on attorney's fees. But Zevgolis did not reject the offer of judgment -- she *accepted* it unconditionally. Therefore, the Court's only remaining task is to enter that judgment.

**B.     Procedures of Rule 68 Offer of Judgment**

According to Greenberg's logic, a judgment which renders a case moot divests the Court of its power to enter that very judgment. Such a ruling would render the entire procedure of Rule 68 a nullity. However, those procedures are "self-executing," automatically resulting in

---

[4] The Offer of Judgment also waived any debts that Zevgolis owed to Greenberg. The value of such a waiver is not relevant to the dispute at hand.

7

judgment in Zevgolis' favor upon her filing of the requisite papers.  Bevier v. Blue Cross & Blue Shield of South Carolina, 337 Fed. App'x 357, 359 (4th Cir. 2009).  Entry of that judgment by the Clerk is a ministerial task.  Zevgolis has fulfilled the requirements of Rule 68 and, therefore, the Clerk shall enter judgment in her favor.  The settlement discussions that occurred *after* the offer of judgment was accepted, though not yet filed, are irrelevant.  This is because, as the parties agree, the Offer of Judgment was already binding once accepted.  (See Def.'s Br. at Ex. 3.)  Greenberg is therefore correct that the case is moot, but not such that judgment may not be entered by this Court.  Rather, the case is moot *because* Zevgolis obtained a judgment through Rule 68's procedures, which shall now be entered by this Court.[5]

By offering judgment, Greenberg itself set in motion a procedural result that could be stopped only under exceptional circumstances.  As the Fourth Circuit has explained:

> [T]he fact that an accepted Rule 68 offer of judgment disposes of the entire proceeding between the parties is apparent from its own terms.  The final sentence of Rule 68(a) *mandates* that, when a party has filed the offer, notice of acceptance, and proof of service, "[t]he clerk *must* then enter judgment."  This language indicates that a Rule 68 offer of judgment is *self-executing* -- "[t]he court generally has no discretion whether or not to enter the judgment."  Ramming v. Natural Gas Pipeline Co. of Am., 390 F.3d 366, 370-71 (5th Cir. 2004) (collecting cases confirming the self-executing nature of Rule 68).

Bevier, 337 Fed. App'x at 359 (emphasis added).

The hyper-technical logic at the core of Greenberg's argument would frustrate the Court's ability to enter any judgment.  Mootness is "the doctrine of standing set in a *time frame*: [t]he requisite *personal interest* that must exist at the commencement of the litigation (standing)

---

[5] Greenberg attaches significant weight to the settlement discussions that took place *after* the offer of judgment was accepted.  At best, those discussions can be characterized as an effort on Greenberg's part to bargain for an agreement not to enter a judgment already obtained.  Those discussions failed to produce results and, accordingly, have no bearing on the effect of the accepted Offer of Judgment now on file with this Court.

8

must continue throughout its existence." Geraghty, 445 U.S. at 397 (emphasis added). A "personal interest" touches on the merits of the dispute, not the procedures involved. For example, when a jury reaches a verdict, Greenberg's logic suggests that the case is moot because the *merits* have been decided by trial. But the fact that the merits have been resolved and relief obtained does not divest a court of *procedural* authority to enter judgment on that very verdict or to consider and resolve post-trial motions. Greenberg's argument emphasizes the "time frame" of the dispute in the extreme. To that end, it ignores the fact that a prevailing plaintiff continues to have a personal interest in finalizing the procedural effect of her victory by entering the judgment in the Court's records, as Zevgolis seeks to do here.

That is not to say that the filing of an accepted offer of judgment can never be objectionable. Exceptional circumstances, such as a fraud on the court, may warrant the withdrawal of an offer of judgment or, in the alternative, an order setting aside such a judgment. Id.; see also Colonial Penn Ins. Co. v. Coil, 887 F.2d 1236, 1240 (4th Cir. 1989) (fraudulent behavior induced the offer); Hawkins v. Johnston Memorial Hospital, Inc., 267 F.R.D. 483, 485-86 (W.D. Va. 2010) (failure to disclose material evidence affecting the value of offer). However, none of those exceptional circumstances are asserted here. Thus, the Offer of Judgment remained "self-executing" in this case, resulting in a final judgment that the Clerk of this Court must enter.

Likewise, Greenberg's Motion to Dismiss is denied as moot because the case shall be closed upon the entry of judgment.

**C.     Attorney's Fees**

From the above analysis, one could easily conclude that Greenberg's Objection and Motion to Dismiss have caused unnecessary delay and expense. There is simply no legal basis to

9

object to the accepted Offer of Judgment in this case. However, from the context of the dispute, the decision to file those papers appears to have resulted from a fundamental misunderstanding of the applicable law, not bad faith.[6] In accordance with this assessment, Zevgolis has waived any fees that might have been awarded to her pursuant to Fed. R. Civ. P. 11 or 28 U.S.C. § 1927. (Pl.'s Opp'n at 11.) Instead, she asserts that the fee-shifting provisions of the FDCPA authorize an award of such fees. (Id.)

Although the sum offered in the Offer of Judgment was inclusive of fees and costs, the inclusion of those fees and costs could only discharge the prevailing party's rights to attorney's fees *up to that point in time*. The fees and costs incurred by Zevgolis in pursuit of entry of judgment *after* accepting the offer of judgment -- a judgment that is ordinarily automatically entered -- are not included in the offer of judgment. However, such fees were incurred "to enforce" liability under the FDCPA. 15 U.S.C. § 1692k(a)(3). As the prevailing party, the statute therefore entitles Zevgolis to an award of "reasonable" attorney's fees in pursuit of such enforcement of liability. Accordingly, the Court awards to Zevgolis her reasonable attorney's fees and costs incurred in opposing Greenberg's Objection and Motion to Dismiss.[7]

## IV. CONCLUSION

For the reasons set forth herein, the Court has previously entered an Order dated May 2, 2011 (Docket No. 30), OVERRULING the Defendant's Objection, DENYING the Motion to Dismiss as moot, GRANTING Plaintiff's request for attorney's fees subject to this Court's

---

[6] Indeed, at oral argument, counsel for the Plaintiff conceded that counsel for Defendant sincerely believed in the merit of his position.

[7] The Court's Order dated May 2, 2011 (Docket No. 30), directed Zevgolis to submit a petition for attorney's fees and provided Greenberg with an opportunity to oppose the petition, the deadlines for which have not yet passed. Accordingly, the Court will resolve that issue at a later date.

review for reasonableness, and directing the Clerk to enter JUDGMENT in favor of Plaintiff pursuant to the terms set forth in the Offer of Judgment, upon resolution of the issue of attorney's fees.

/s/
Dennis W. Dohnal
United States Magistrate Judge

Richmond, Virginia
Dated: May 12, 2011